[Civil No. 2979. Filed February 24, 1931.]

[295 Pac. 1109.]

PICKWICK STAGES CORPORATION, a Corporation, Appellant, v. EMILY I. HARE and R. F. HARE, Her Husband, Appellees.

Messrs. Armstrong, Lewis & Kramer, for Appellant.

Messrs. Holzworth, McNabb & Phillips and Mr. J. C. Wilson, for Appellees.

ROSS, J.—This is an appeal from a judgment for damages for personal injuries sustained by Emily I. Hare on December 16, 1927, by the turning over of one of the defendant's stages, in which she was riding as a regular paid passenger.

The action was filed originally on December 12, 1929, by Emily I. Hare without making her husband, R. F. Hare, a party. The trial was set down for March 6, 1930. After the setting, and on March

1, 1930, defendant filed an amended answer consisting of a general denial and a plea of nonjoinder of plaintiff's husband. When the case was reached for trial, on March 6th, an amended complaint was filed by plaintiff, the amendment consisting of the making of the husband a party plaintiff. The defendant thereupon objected to proceeding with the trial on the ground that it had not been given an opportunity to determine just what its position was, or what its defense should be after the amendment. The objection was overruled, and the trial proceeded, resulting in a verdict and judgment in favor of plaintiffs in the sum of $5,000.

Defendant has appealed and assigns as error the action of the court in proceeding with the trial on the amended complaint immediately after it was filed, and in refusing to give defendant an opportunity to investigate the status of the husband and determine its defense.

The right to amend is not questioned. The amendment did not change the cause of action. It left the issues on the merits precisely as they were before, and, if defendant was prepared for trial before the amendment, it was prepared afterward. Of course the husband was a necessary party (section 3729, Rev. Code 1928), but no one knew that better than defendant, as is exemplified by its plea of nonjoinder. We think the defendant might also have foreseen knowing how very liberal our statute on amendment of pleading is (section 3740, Rev. Code 1928), that plaintiff's amendment, as it was only formal, would be allowed by the court without any question. If the amendment had raised any new issue of fact, and a showing of unpreparedness to meet it had been made, the defendant might well complain of being forced to trial at once. Such, however, is not the situation. The ruling was not error, under the circumstances.

The only other question raised on this appeal by defendant, is the amount of damages awarded. Under this head it is claimed the damages were not shown to have been the result of defendant's negligence, and at all events that they are excessive.

We state enough of the pleadings to show the character of injuries and damages claimed to have been sustained. It is alleged in the complaint that plaintiff Emily was riding in a seat with two other women, who were sitting on her left; that the stage was negligently turned over on its right side, throwing her violently against that side of the coach with the other passengers in the seat on top of her; that she was hurt in her back, neck, and right shoulder and bruised in various parts of her body; that her heart, stomach, digestive organs and nerves were deleteriously affected, from which she has endured great pain and suffering, and would continue in the future to endure therefrom great pain and suffering.

The evidence shows that plaintiff Emily was 42 years of age at the time of the accident, healthy and able to do the ordinary work of housekeeping with comfort. In the accident she sustained no bruises or marks, except, perhaps, on one of her legs was a slight coloration. Her injuries, if any, were all subjective; none were visible to the eye. However, according to her testimony, immediately after the accident, she was attacked with internal pains in her head, neck, shoulders and vertebrae, and sickness of the stomach, followed by restlessness, nervousness and inability to sleep. Later her affliction became more or less localized in the right shoulder and cervicle vertebrae, causing, as she says, a dull aching pain in those parts and acute pains in her right arm and shoulder when used. This neuritic condition of the neck and right shoulder and general nervousness were present at the trial and had been from a time shortly after the accident.

Dr. Charles W. Sult, physician for defendant, on the evening of the accident, and within a few hours thereafter, examined plaintiff, and his diagnosis, taken from the record, was:

"Stiff neck, injury to the back and lumbar spine. . . . Neck, tenderness on manipulation over neck, some pains."

Dr. E. Payne Palmer, a witness for the defense, examined the plaintiff a day or two before the trial and diagnosed her troubles as neuritis. He said her tonsils were chronically inflamed and infected, but was not willing to say her neuritis was caused thereby. He admitted "it might have had its origin in a traumatic injury."

Dr. W. W. Watkins, whose specialty is X-ray reading, on behalf of defendant testified that X-ray pictures of defendant's vertebrae showed no displacement or abnormality.

Dr. George C. Rubel, who treated plaintiff from December 26, 1927, to some time in February of 1928, testified in her behalf that, taking into consideration her previous history, in his opinion her neuritic trouble was brought on by "some severe strain or overflection of the nerves of the back" received in the accident. This witness examined her the day before the trial and found her suffering with neuritis.

Dr. J. E. Guyton, testifying for plaintiff, saw in the X-ray pictures of her spine displacements of the vertebrae and nerve impingements, which he said were probably traumatic.

The instructions on the question of plaintiffs' damages were exceptionally fair.

A motion for a new trial on the ground of excessiveness was denied by the trial judge. While the verdict does seem large, we cannot say, when all the evidence is considered, that it was due to passion or prejudice, or based upon anything but the evidence.

The plaintiff's health before the accident was good, afterward very poor. Before she suffered no neuritic or other pain, afterward she has. We think the evidence points to the accident as the proximate cause of her subsequent troubles, pain and suffering, and that we should not disturb the verdict for excessiveness, especially since the trial court approved it in refusing a new trial on that ground. If the plaintiff was not malingering, and of that the jury and trial court could best judge, the compensation awarded her for past and future pain and suffering cannot be said as a matter of law to be excessive. No question is made as to the sufficiency of the evidence to show negligence by defendant.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.